IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-12243-C

Dist. Ct. Docket No. 3:06-cr-00083-MCR-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUN 11 2010
JOHN LEY
CLERK

IN RE:

KENT E. HOVIND,

                                  Petitioner.

On Petition for Writ of Mandamus to the
United States District Court for the
Northern District of Florida

**ORDER:**

Kent E. Hovind, a federal prisoner proceeding *pro se*, seeks leave to proceed *in forma pauperis* ("IFP") on his petition for writ of mandamus, in which he requests an order directing the district court to dismiss his criminal case. In 2006, Hovind was charged with 12 counts of failing to collect and pay over federal income taxes, 45 counts of structuring transactions to evade currency reporting requirements, and 1 count of obstructing the administration of the internal revenue laws. Hovind was found guilty by a jury on all counts, and the district court sentenced him to 120 months' imprisonment. We affirmed his convictions and sentences on direct appeal. Hovind then filed five motions to dismiss his criminal case pursuant to Federal Rule of Civil Procedure 60(b)(4), asserting challenges to his pretrial arraignment before a magistrate judge instead of an Article III judge, along

with various arguments relating to the sufficiency of the indictment. On April 1, 2010, the district court entered orders denying Hovind's Rule 60(b)(4) motions. Hovind also filed a "motion to dismiss under independent action," in which he asserted an additional challenge to the sufficiency of the indictment. On May 21, 2010, the district court denied Hovind's "motion to dismiss under independent action."

In his mandamus petition, Hovind argues that the district court erred in denying his Rule 60(b)(4) motions and "independent action" because he was improperly arraigned before a magistrate judge and not an Article III judge. Hovind asserts that he did not consent to an arraignment before a magistrate, the magistrate lacked jurisdiction to conduct the arraignment, and, therefore, his case should be dismissed.

Any court of the United States may authorize the commencement of a proceeding without prepayment of fees by a person who submits an affidavit that includes a statement of assets the person possesses and that the person is unable to pay such fees. 28 U.S.C. § 1915(a). The court, however, may dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action or appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(A) & (B). In this case, Hovind has established poverty by way of an affidavit of indigency. As discussed below, however, his petition is frivolous.

Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *In re Temple*, 851 F.2d 1269, 1271 (11th Cir. 1988). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). The petitioner has the burden of showing that the claimed right to

issuance of the writ is clear and indisputable. *In re Lopez-Lukis*, 113 F.3d 1187, 1188 (11th Cir. 1997).

Here, Hovind has not shown a clear and indisputable right to mandamus relief because he had adequate alternative remedies. Hovind had the opportunity of challenging the magistrate judge's authority over pretrial matters on direct appeal from his convictions. *See, e.g., United States v. Schultz*, 565 F.3d 1353, 1356-59 (11th Cir. 2009). Moreover, Hovind could have appealed the district court's orders denying his various post-judgment motions to dismiss. *See, e.g., United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Mandamus may not now be used as a substitute for an appeal. As a result, Hovind's request for IFP status is **DENIED** because his petition is frivolous.

/s/BEVERLY B. MARTIN

UNITED STATES CIRCUIT JUDGE